UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUJING ZHANG,

    Petitioner,

v.                                          Case No.: 2:20-cv-876-JLB-MRM

SECURITY DEPARTMENT, GLADES
COUNTY JAIL, and WARDEN,
GLADES COUNTY JAIL,

    Respondents.
_____/

## RESPONSE TO AMENDED PETITION

Pursuant to the Court's February 5, 2021 Order (Doc. 10), the Respondents file this response to the Amended Petition for Writ of Habeas Corpus. In her Amended Petition, Yujing Zhang appears to argue that her continued detention violates 28 U.S.C. § 1231(a)(6). (Doc. 8, ¶ 5). As explained below, Petitioner's claim fails because she has not provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Further, because Petitioner has a valid passport and is scheduled for removal in the next eight weeks, there is a significant likelihood of removal in the reasonably foreseeable future. As such, the Amended Petition should be denied.

### Factual Background

Petitioner, Yujing Zhang, is a native and citizen of China. *See* Exhibit A, Record of Deportable/Inadmissible Alien (I-213). On or about March 28, 2019, she

was admitted into the United States as a nonimmigrant visitor for business, with authorization to remain until September 27, 2019.  *See id*.

On or about March 30, 2019, Petitioner was arrested for unlawful entry of a restricted area and making false statements to a federal officer.  *See* Exhibit B, *United States v. Zhang*, 9:19-CR-80056-ALTMAN-001, Doc. 1 (S.D. Fla. Apr. 1, 2019). Following Petitioner's arrest, the Department of State revoked Petitioner's visa effective April 4, 2019.  *See* Exhibit A.  Petitioner was convicted of these offenses and sentenced to eight months in federal prison for each count, running concurrently, and two years of supervised release.  *See* Exhibit C, *United States v. Zhang*, 9:19-CR-80056-ALTMAN-001, Doc. 82 (S.D. Fla. Nov. 26, 2019).

Upon completion of her sentence, Petitioner's custody transferred to ICE on December 4, 2019.  Ex. D, Declaration of Yolanda Harrison, ¶ 8.  She is detained at the Glades County Detention Center in Moore Haven, Florida.[1]  *See* Amended Petition (Doc. 8), ¶ 2(a).

On or about December 4, 2019, Petitioner was served with a Notice to Appear, charging her with removability under 8 U.S.C. §§ 1227(a)(1)(B) (visa revocation after

---

1 A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 USC § 2243.   In cases involving present physical confinement, the Supreme Court reaffirmed in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).

Since Petitioner is currently detained at Glades, her immediate custodian is Sheriff David Hardin, Warden of the Glades County Detention Center.   Accordingly, the proper Respondent in the instant case is Sheriff Hardin, in his official capacity, and all other respondents should be dismissed.

admission) and 1227(a)(2)(A)(i) (conviction for a crime involving moral turpitude within five years of admission for which a sentence of one year or longer may be imposed). *See* Exhibit E, Notice to Appear. On or about December 20, 2019, the Immigration Judge denied Petitioner's request for bond, finding her to be flight risk and danger to the community. *See* Exhibit F, Bond Order. On the same day, Petitioner was also ordered removed to China. *See* Exhibit G, Removal Order. While Petitioner reserved her right to appeal the removal order to the Board of Immigration Appeals, she failed to file a notice of appeal, and the removal order became final on January 21, 2020, when the time allotted to file an appeal expired. *See* 8 C.F.R. 1241.1(c); Ex. D, ¶ 10.

Since the removal order became final, ERO has actively pursued execution of the removal order, but removal efforts have been hampered by the pandemic and the global cancellation of air travel. In the interim, Petitioner's custody has been reviewed in accordance with 8 C.F.R. § 241.4, and Petitioner has been served with decisions to continue detention on May, 11, 2020; November, 11, 2020; and March 17, 2021. *See* Exhibit H, Decisions to Continue Detention. More importantly, flights between China and the United States have resumed, and ICE expects Petitioner's removal to China will occur within the next eight weeks. *See* Exhibit D, ¶¶ 13, 16.

## ARGUMENT

Following the entry of a final order of removal, ICE has 90 days to remove an alien. *See* 8 U.S.C. § 1231(a)(1)(A).[2] Detention is mandatory during this "removal period." *Id.* § 1231(a)(2). After the removal period expires, ICE is authorized to continue detaining certain aliens who, like Petitioner, have been found removable under 8 U.S.C. § 1227(a)(2).[3] *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, the Supreme Court held that continued detention under § 1231(a)(6) is presumptively reasonable for an additional three months—180 days total. *See* 533 U.S. 678, 701 (2001).

Following the conclusion of that presumptively reasonable 180-day period, a

---

[2] The removal period commences on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Under 8 C.F.R. § 1241.1(c), an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(c).

[3] 8 U.S.C. § 1227(a)(2)(A)(i) applies to aliens who have been convicted of "a crime involving moral turpitude . . . within five years . . . after the date of admission" and have been "convicted of a crime for which a sentence of one year or longer may be imposed." Petitioner was convicted of making false statements to a federal officer in violation of 18 U.S.C. § 1001(a)(2), a crime punishable by not more than 5 years in prison. *See* Ex. C; 18 U.S.C. § 1001(a). Petitioner does not argue her crime fails to qualify as a crime of moral turpitude, but any such argument would likely fail. The Eleventh Circuit has noted that "[g]enerally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002).

detainee may file a habeas petition challenging her continued detention. However, aliens who remain in custody after the expiration of the six-month period are not necessarily entitled to relief. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. at 701. Thus, at the conclusion of this 180-day period, an alien who challenges his continued detention "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1050, 1052 (11th Cir. 2002) (per curiam). Courts within the Eleventh Circuit have interpreted this to mean that petitioners challenging their continued detention under *Zadvydas* should present evidence of "particular individual barriers" to their removal. *See Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002). Mere evidence of delay, without more, does not show that removal will not occur in the reasonably foreseeable future. *Id.* ("[T]he mere fact that the Egyptian government has taken its time in responding" to a removal request was insufficient to show it would not do so in the future); *Linton v. Holder*, No. 10–20145–Civ–LENARD, 2010 WL 4810842, at *4 (S.D. Fla. Oct. 4, 2010) (recognizing that evidence of delay was not enough to justify release even after six months).

Once a petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, "the Government must

respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The government can meet this burden by showing that a petitioner has been previously scheduled for removal flights and the cause of delay was related to COVID-19. *See Guilarte v. Barr*, 2020 WL 8084169, at *4 (N.D. Fla. Dec. 3, 2020) (noting that flight restrictions caused by COVID-19 "do not mean . . . that Petitioner is being held in 'indefinite detention'"), report and recommendation adopted at 2021 WL 75763 (N.D. Fla. Jan. 8, 2021); *see also Jimenez-Pabon v. Barr*, 2020 WL 6293637, at * 3 (N.D. Fla. Sept. 30, 2020) (finding that removal was significantly likely to occur in the reasonably foreseeable future because COVID-related "travel restrictions were due to be lifted and Petitioner could be rescheduled" for a removal flight), report and recommendation adopted at 2020 WL 6287480 (N.D. Fla. Oct. 27, 2020).

Courts have taken a similar approach when removal has been delayed by natural disasters such as hurricanes. For example, in *Chery v. Attorney General of the United States*, a petitioner's removal flight to Haiti was delayed after ICE suspended removals to Haiti following several severe hurricanes. 2009 WL 2009 151104, at * 1 (M.D. Fla. Jan. 21, 2009). The court held the Government met its burden under *Zadvydas* based on the showing that (1) the suspension had been lifted, (2) removal flights were being arranged, and (3) travel documents for the petitioner had been requested. *Id.* at *2-3.

6

Here, Petitioner has failed to provide any evidence that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Moreover, assuming Petitioner has made the necessary showing, sufficient evidence exists to rebut her argument.

First, Petitioner has failed to meet her burden under *Zadvydas* because she has not provided any reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, the Amended Petition is completely silent as to Petitioner's prospects of removal. On that basis alone, the Amended Petition should be denied. *See Akinwale*, 287 F.3d at 1052.

Second, even if Petitioner had carried her burden under *Zadvydas*, evidence in the record establishes removal is significantly likely to occur in the reasonably foreseeable future. Petitioner has a valid passport. Ex. D, ¶ 16. And ICE has resumed removals to China as of May 13, 2020. Ex. D, ¶ 13. Although flight cancellations and China's COVID restrictions previously caused Petitioner's removal date to be rescheduled, ICE nevertheless expects to complete Petitioner's removal in the next eight weeks. *See* Ex. D, ¶ 16. As such, Petitioner's removal is significantly likely in the reasonably foreseeable future. *See Guilarte v. Barr*, 2020 WL 8084169, at *4; *Jimenez-Pabon v. Barr*, 2020 WL 6293637, at * 3; *Chery*, 2009 WL 2009 151104, at * 1.

## **Conclusion**

For the reasons stated above, the Amended Petition should be denied.

Dated: March 22, 2021

                              Respectfully submitted,

                              KARIN HOPPMANN
                              Acting United States Attorney

By:   */s/ David P. Sullivan*
           DAVID P. SULLIVAN
           Assistant United States Attorney
           Florida Bar No. 0111166
           400 N. Tampa Street, Suite 3200
           Tampa, Florida 33602-4798
           Telephone: (813) 274-6000
           Facsimile: (813) 274-6358
           Email:   David.Sullivan3@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice electronically and/or via certified mail to:

Yujing Zhang
Glades County Jail
P.O. Box 39
Moore Haven, FL 33471

*/s/David P. Sullivan*
DAVID P. SULLIVAN
Assistant United States Attorney
Florida Bar No. 0111166
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Sullivan3@usdoj.gov

9