

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
18201 SW ST
Miami, Florida 33194

U.S. Immigration
and Customs
Enforcement

Zhang, Yujing



c/o Immigration and Customs Enforcement
Miami Field Office

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of the information you submitted to ICE's reviewing officials on Apr 10, 2020 and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

- [✓] You have not demonstrated that, if released, you will not: **(Check only those that apply)**

    - [✓] Pose a danger to the community, to the safety of other persons, or to property.

    - [✓] Pose a significant risk of flight pending your removal from the United States.

**OR**



- [✓] ICE is in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest.

ICE has made such determination based upon:

Your removal in the future is very likely. You pose a significant risk of flight if released. There are no other urgent humanitarian, medical or custodial issues present in your case.

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or

**Decision to Continue Detention**
Zhang, Yujing 
Page 2

obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

You are required to complete the below information.

I do_____ do not_____ want a personal interview.

**If you do want an interview, please check the appropriate box(es) below:**

☐ Check this box if you need an interpreter for your interview.
  Language/Dialect: _____

☐ I will be assisted at this interview by a representative of my own choosing.

  Name: _____

Decision to Continue Detention
Zhang, Yujing
Page 3

263

If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled. If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

JUAN E AGUDELO
Digitally signed by JUAN E AGUDELO
Date: 2020.05.11 08:32:39 -04'00'

Jim Martin
Acting Field Office Director

May 11, 2020
Date

---

## PROOF OF SERVICE

(Officer to complete both (a) and (b) below.)

(a) I __Joseph Braun__, __DO__,
    Name of ICE Officer                      Title

certify that I served __Zhang, Yujing__ with a copy of
                       Name of detainee

this document at __Glades__ on __5/13/20__, at __1000__.
                   Institution              Date           Time

(b) I certify that I served the custodian __Joseph Braun__,
                                            Name of Official

__DO__, at __Glades__, on
Title              Institution

__5/13/20__ with a copy of this document.
Date

Detainee Signature: __refused to sign__ Date: __5/13/20__

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

ZHANG, Yujing
C/O Immigration and Customs Enforcement
Miami Field Office

352

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record, personal interview and consideration of any information you submitted to ICE reviewing officials and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and a citizen of China who was admitted into the United States at Newark, NJ on March 28, 2019 as a B1 nonimmigrant visitor. On April 4, 2019, your B1 visa was revoked by the U.S. Department of State. You were convicted in the U.S. District Court Southern District of Florida for knowingly enter and remain, and attempt to enter and remain, in a restricted building and grounds, and knowingly and willfully make a materially false, fictitious statement and representation to a Department of Homeland Security. On September 12, 2019, you were issued a Notice to Appear charging you under Section 237(a)(1)(B)(i) of the INA. On January 21, 2020, an Immigration Judge ordered you removed to China. You waived appeal.

ICE has reason to believe there's a significant likelihood that your removal will occur in the reasonably foreseeable future. Therefore, you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Jean Antoine  *Jean Antoine*
(A)HQ RIO Unit Chief

September 4, 2020
Date

www.ice.gov

**Decision to Continue Detention**
ZHANG, Yujing ▮▮ 352
Page 2

## PROOF OF SERVICE

(1) Personal Service (Officer to complete both (a) and (b) below.)

(a) I __Joseph Brown__, __DO__,
      Name of ICE Officer       Title

certify that I served __Zhang, Yujing__ with a copy of
      Name of detainee

this document at __Glades__ on __11-6-20__, at __1400__.
      Institution       Date       Time

(b) I certify that I served the custodian __Joseph Brown__,
      Name of Official

__DO__, at __Glades__, on
Title       Institution

__11-6-20__ with a copy of this document.
Date

### OR

(2) Service by certified mail, return receipt. (Attach copy of receipt)

I _____, _____, certify
      Name of ICE Officer       Title

that I served _____ and the custodian _____.
      Name of detainee       Name of Official

with a copy of this document by certified mail at _____ on _____.
      Institution       Date

Detainee Signature: __refused to sign__    Date: __11-6-20__

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



ZHANG, Yujing
C/O Immigration and Customs Enforcement
Miami Field Office

 352

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record, personal interview and consideration of any information you submitted to ICE reviewing officials and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

You are a native and a citizen of China who was admitted into the United States at Newark, NJ on March 28, 2019 as a B1 nonimmigrant visitor. On April 4, 2019, your B1 visa was revoked by the U.S. Department of State. You were convicted in the U.S. District Court Southern District of Florida for knowingly enter and remain, and attempt to enter and remain, in a restricted building and grounds, and knowingly and willfully make a materially false, fictitious statement and representation to a Department of Homeland Security. On September 12, 2019, you were issued a Notice to Appear charging you under Section 237(a)(1)(B)(i) of the INA. On January 21, 2020, an Immigration Judge ordered you removed to China. You waived appeal.

ICE has reason to believe there's a significant likelihood that your removal will occur in the reasonably foreseeable future. Therefore, you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Edgar N. DeJesus
HQ RIO Unit Chief

EDGAR N DEJESUS JR
Digitally signed by EDGAR N DEJESUS JR
Date: 2021.03.16 16:27:37 -04'00'

March 16, 2021
Date

www.ice.gov

**Decision to Continue Detention**
ZHANG, Yujing ▮ ▮ 352
Page 2

## PROOF OF SERVICE

**(1)   Personal Service (Officer to complete both (a) and (b) below.)**

(a)   I __Joseph Brown__, __Deportation Officer__,
       Name of ICE Officer                    Title

certify that I served __Zhang, Yujing__ with a copy of
                     Name of detainee

this document at __Glades__ on __03/17/2021__, at __13:27__.
                  Institution        Date              Time

(b)   I certify that I served the custodian __Joseph Brown__,
                                              Name of Official

__Deportation Officer__, at __Glades__, on
        Title                    Institution

__03/17/2021__ with a copy of this document.
     Date

## OR

**(2)   Service by certified mail, return receipt.   (Attach copy of receipt)**

I _____, _____, certify
    Name of ICE Officer      Title

that I served _____ and the custodian _____,
               Name of detainee                      Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                   Institution            Date

Detainee Signature: _[signature]_   Date: __03/17/2021__

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File