To Honorable Clerk's office,

Petitioner received the response to Amended Petition from Justice dept. of Tempa, suggesting the Amended Petition should be denied & the claims fails.

However, petitioner has different opinions from Justice Dept. & insist the request to be released to Florida should be granted.

First of all, the letter from Justice dept. has the wrong respondent's declaration, which in Petitioner's opinion, results in the wrong conclusion, while the proper respondent Sheriff Hardin has no response yet, by which your honor should consider the petition has not finished or is delayed due to no response of the other party.

According to the attorney from Justice¹, A writ of habeas corpus's proper respondent is the immediate custodian rather than a supervisory official who exercises legal control. In this case, Petitioner is currently detained at Glades, the immediate custodian is Sheriff Hardin, in his official capacity, and all other respondents should be dismissed.

Second, in the Amended Petition delivered by petitioner (see, doc.8), petitioner did not mention he regards he is a pretrial detainee, being sentenced, or held on immigration charge, he is waiting for the Glades jail related respondent to direct him a response as the procedure of petition. Therefore, petitioner does not need to

---

¹ A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 USC §2243. In cases involving present physical confinement, the Supreme Court reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004)

Since Petitioner is currently detained at Glades, her immediate custodian is Sheriff David Hardin, Warden of the Glades County ~~Prison~~ Detention Center. Accordingly, the proper Respondent in the instant case is Sheriff Hardin, in his official capacity, and all other respondents should be dismissed.

prove unlikelihood of removable in the future. It is just like a person doesn't have to prove his unlikelihood of theft in the future if he never actually did & never thinks he would.

Third, the justice dept. display some attached exhibits material are invalid, thus the fact description is unreliable & unconvincing or mistaken. For example, exhibit B. is the United States V. Zhang 9:19-CR-80056-Altman-001, as the justice dept. started with his background description, is a false material. To be more convincing, your honor may look up the courts records to see if it is a real one, as well as Broward Sheriff. Since the key base for the statement is false, there's meaningless to look at the following statement since they are relied on the base of the beginning.

For the above three main reasons and not excluded other invalid supporting documents or false point, petitioner challenges the conclusion of the justice dept. of Tampa made, which in Petitioner's opinion, is wrong & meaningless.

Furthermore, when the petitioner received the response from the justice dept., the inquiry letter has been sent to Sheriff Hardin, Warden of the Glades County Detention Center, demonstrating the reason that why requires his response since he is the proper respondent and should be the only respondent should be in this Amended Petition. The letter was sent on April. 3rd & April 5th. to Sir Sheriff Hardin, Warden of the Glades County Detention Center, to convey the opinion.

The Petitioner, hereby, request the proper respondent to direct a response or require the court order to release petitioner to Florida immediately as the petition pl said. (pleadge) (see doc. 8)

The above supporting statement (source) includes but not limited to Broward County Jail, courts record, West Palm Beach Security Dept. (overall) who kept my $1,000 cash in 2019, as well as Broward Sheriff.

Petitioner: Yuying Zhang
Related Petition: 2:20-CV-876-JLB-MRM

Sincerely,

April, 12th, 2021