UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUJING ZHANG,

    Petitioner,

v.      Case No. 2:20-cv-876-JLB-MRM

SECURITY DEPARTMENT, GLADES
COUNTY JAIL, and
WARDEN, GLADES COUNTY JAIL

    Defendants.

## ORDER OF DISMISSAL

Pending before the Court is Petitioner Yujing Zhang's amended 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 8.) Respondent asks the Court to dismiss the Petition as moot because Petitioner has been deported. (Doc. 22.) After careful review, the Court dismisses the petition because the Court can no longer provide Petitioner with the sole relief she requests—release from her continued detention.

### I. Background

Petitioner is a native and citizen of China. (Doc. 13 at 2; Doc. 13-1.) The United States Immigration and Customs Enforcement (ICE) took Petitioner into custody on December 4, 2019. (Doc. 13-4 ¶ 8.) On December 20, 2019, an immigration judge ordered Petitioner removed to China. (Doc. 13-7.) The removal order became final on January 21, 2020 because Petitioner did not file an appeal with the Board of Immigration Appeals. (Doc. 13-4 ¶ 10.) On November 4, 2020,

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, and she amended her petition on December 23, 2020. (Doc. 1; Doc. 8.)

Petitioner challenges her continued detention by ICE pending deportation as unconstitutional under Zadvydas v. Davis.[1] (Id. at 4.) However, on November 12, 2021, Petitioner was removed from the United States. (Doc. 22 at 1; Doc. 22-1.)

## II.   Discussion

The Court finds this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar, 273 at 1336. Release alone does not automatically moot a petitioner's claim. A petition may continue to present a live controversy after release or deportation when there is some remaining collateral consequence that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v.

---

[1] In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held the United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government must show that removal will occur in the foreseeable future or special circumstances.

2

Gonzales, 549 U.S. 47, 52 n.2 (2006) (noting that a case is not mooted by a petitioner's deportation if the petitioner could still benefit by pursuing his application for cancellation of removal). And an exception to the mootness doctrine also applies when: (1) the challenged action is too short in duration to be litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would face the same action again. Murphy v. Hunt, 455 U.S. 478, 482 (1982).

In the immigration context, the Eleventh Circuit has held that a habeas petition filed by a deported alien may survive a mootness challenge if the petitioner challenges not only his detention, but also his final order of removal. Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1290 (11th Cir. 2019) (citing Moore v. Ashcroft, 251 F.3d 919, 922 (11th Cir. 2001) (holding that the time bar on readmission to the United States after applicant's removal satisfied the injury requirement)). Here, Petitioner challenges only her continued detention by ICE—not her final order of removal—and it is undisputed that she has been released from ICE custody.

Therefore, to the extent Petitioner seeks release or an individualized bond hearing, the Court can no longer provide meaningful relief. Thus, her amended petition is moot. See Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002) (distinguishing Moore, and finding the case moot, because the petitioner did not challenge his final order of removal).

### III. Conclusion

Because the Court can no longer provide Petitioner any meaningful relief on this petition, "dismissal is required because mootness is jurisdictional." Al Najjar, 273 F.3d at 1336.

The Court also finds that a certificate of appealability is not warranted. Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

Accordingly, it is now **ORDERED:**

1. Yujing Zhang's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **DISMISSED as moot**.

2. Ms. Zhang is **DENIED** a certificate of appealability.

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida on January 24, 2022.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies furnished to:

4

Counsel of Record
Unrepresented Parties